STATE v. QUATTLEBAUM. .

GENERAL SESSIONS—CRIMINAL LAW—SURETY.—A RECOGNIZANCE conditioned to appear and answer an indictment in Court of General Sessions is binding on surety without signature of principal, and Court of General Sessions alone has jurisdiction of proceedings to forfeit recognizance.

Before HUDSON, special J., Richland, March, 1903. Modified.

Action by State against J. M. Quattlebaum on recognizance. From Circuit order, plantiff appeals.

*Messrs. Thomas & Gibbes,* for appellant, cite: *Is recognizance void by reason of failure of principal to sign?* Crim. Code, 1902, 84; End. on Int. of Stat., sec. 527; 2 Bail., 362; 3 Ency., 2 ed., 618; 29 Kan., 452; 10 Kan., 630; 1 Blackf., 236; 32 Mo. App., 522; 2 Mill., 123. *If void under statute, it is good at common law:* 2 Ga., 137; 34 Ia., 322; 2 N. & McC., 425; 2 Strob., 152; 3 Strob., 98. *Has Court of Common Pleas jurisdiction?* 16 S. C., 537.

*Messrs. Lyles & McMahan* and *Jno. T. Duncan,* contra. The former cite: *Recognizance invalid if not signed by principal:* Crim. Code, 1902, 84; 3 Ency., 2 ed., 686, 701; 4 Stat., 601; 19 La. Ann., 145, 77; 23 Tex., 25; 12 Tex. App., 235; 12 R. I., 398; 29 Kan., 456; 23 Ia., 576; 4 Mich., 615; 2 Duv., 12; 1 Blackf., 236; 1 McM., 54; 31 S. C., 376; 63 S. C., 210; 4 Ency., 673; 38 S. C., 235. *Court of Sessions alone has jurisdiction:* Crim. Code, 1902, 85, 88; 3 Ency. P. & P., 234, 238, 239, 241-2.

July 21, 1903. The opinion of the Court was delivered by

MR. JUSTICE WOODS. This action was brought in the Court of Common Pleas for Richland County on a bond for $200, signed by the defendant, conditioned for the appear-

ance for trial in the Court of General Sessions of one Edward Cornell, arrested for assault and attempt to rob. The defendant demurred to the complaint. The grounds on which the demurrer was sustained are:

"The complaint does not state facts sufficient to constitute a cause of action, in that the complaint does not allege that the principal signed the recognizance.

"That the Court of Common Pleas is without jurisdiction of the subject of the action, which is a forfeiture on an appearance recognizance specially reserved to the Court of General Sessions by section 85 of the Criminal Code."

The appeal involves these two propositions. It concerns in the highest degree the administration of public justice in the punishment of crime that recognizances should not be declared invalid on close technical grounds. They are taken by officers not learned in the law, and there is no obligation the meaning of which is more fully and clearly understood by even the most ignorant. Every man knows when he signs, he has agreed if the accused does not appear for trial he will be liable for the amount stated in the recognizance. The surety need not sign until the principal has done so. If he voluntarily assumes the obligation without the signature of the accused, we perceive no ground upon which he can ask to be released. At common law no signature was necessary. The obligation assumed was merely entered by the officer. It seems clear, therefore, that unless our statute imperatively requires the signature of the accused to make the recognizance valid, those who undertake for his appearance will be bound without such signature. The statute of 1883, section 84, of the Criminal Code, provides: "In all recognizances by any person for keeping the peace or good behavior, or for appearing as a party, surety or witness at any Court of criminal jurisdiction within the State, the sum or sums of money in which any such person shall be bound shall be made payable to the State; and every such recognizance shall be good and effectual in law, provided it be signed by every party thereto, in the presence of a Judge,

clerk of a Court of Common Pleas, magistrate or notary public, who shall sign the same as witness." The statute in force before 1883 was in substantially the same words, except that it contained the words, "otherwise such recogni-. zance shall be void." The omission of these words from the statute would imply that the General Assembly intended the law should be regarded less mandatory and more directory than formerly. An obligation, especially one voluntarily assumed for the protection of the public, will not be regarded void because not taken in precise accordance, with the statute, unless the statute expressly so provides. *Treasurers* v. *Bates,* 2 Bail., 376. There are numerous decisions in the several States bearing on the validity of a recognizance not signed by the accused, but many of them rest upon statute law, and hence no extended discussion of them would be of value. The weight of authority is to the effect that unless the statute, either expressly or by necessary implication, provides otherwise, such obligation is valid. *Minor* v. *State,* 1 Blackf. (Ind.), 236; *People* v. *Dennis* (Mich.), 69 American Decisions, 349; *People* v. *Huggins,* 10 Wendell, 465; *Tillson* v. *State,* 29 Kans., 452; *People* v. *Love,* 19 Cal., 677; *State* v. *Peyton,* 32 Mo. App., 522; Brandt on Suretyship and Guaranty, sec. 152. Again, it has been often held in this State that a bond void under the statute may be enforced as a valid obligation at common law. *State* v. *Mayson,* 2 Nott & McCord, 425; *Comrs.* v. *Gilbert,* 2 Strob., 98. We think the demurrer should not have been sustained on the ground that the complaint did not allege that the principal signed the recognizance.

The demurrer was sustained on the further ground that the Court of General Sessions has exclusive jurisdiction of proceedings to forfeit recognizances, and the Court of Common Pleas could not, therefore, entertain this action. The Criminal Code provides: "Sec. 85. Whenever such recognizance shall become forfeited by noncompliance with the condition thereof, the attorney general or solicitor, or other person acting for him. shall.

without delay, issue a notice to summon every party bound in such forfeited recognizance to be and appear at the next ensuing Court of Sessions, to show cause, if any he has, why judgment should not be confirmed against him; and if any person so bound fail to appear, or appearing, shall not give such reason for not performing the condition of such recognizance as the Court shall deem sufficient, then the judgment on such recognizance shall be confirmed." This is followed by section 88, which is as follows : "If any person shall forfeit a recognizance from ignorance or unavoidable impediment, and not from wilful default, the Court of Sessions may, on affidavit stating the excuse or cause thereof, remit the whole or any part of the forfeiture, as may be deemed reasonable." Aside from the statute, it is essential to the proper conduct of their business that the Courts of General Sessions should have exclusive control of recognizances taken to secure the attendance of parties to be tried by them for crime. "Only a court which has power to require the accused to answer the charge against him has power to forfeit his recognizance" (3 Ency. of Pl. & Pr., 234). See, also, 5 Cyc., 129. But the statute by necessary implication places the jurisdiction exclusively in the Court of General Sessions, by providing the procedure for forfeiture in that Court, and giving it power under certain circumstances to remit the whole or any part of the forfeiture. Any other conclusion would lead to absurd results. It can hardly be supposed that the law contemplates a judgment on a recognizance in the Court of Common Pleas, subject to be remitted in whole or in part by the Court of General Sessions. And it would be equally unreasonable to suppose that a party to a recognizance could be deprived of his statutory right to apply to the Court of General Sessions to remit the whole or any part of the forfeiture by reason of the fact that the suit had been brought against him in the Court of Common Pleas. We think the demurrer was properly sustained on the ground that the Court of Common Pleas was without jurisdiction.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.