6570

### STATE v. JOHNSON.·

SERVICE OF RULE TO ESTREAT RECORNIZANCE ON NON-RESIDENT.—Parties to a recognizance voluntarily submit themselves to the jurisdiction of the Court upon execution as parties to proceeding for estreat; no jurisdiction of the person must be obtained in such proceeding as in civil cases, and rule to show cause why recognizance should not be estreated is properly served on non-resident by leaving copy with him in foreign State.

Before PRINCE, J., Richland, March, 1907.    Affirmed.

Proceeding to estreat recognizance in *State* v. *Sallie Johnson* against herself and E. McC. Clarkson, Jr., as surety. From order making rule absolute, surety appeals.

*Messrs. Jas. S. Verner* and *E. McC. Clarkson,* for appellant, cite. *Rule to show cause is same as proceeding scire facias:* 13 S. C., 344, 452; 40 S. C., 255; Code of Proc., 148, 156. *Service of writ of scire facias to estreat a recognizance is governed by same rule as service of other process:* 19 Ency. P. & P., 314; 2 Strob., 207; 2 Brev., 201.

*Solicitor George Bell Timmerman* and *Thomas & Thomas,* contra. *Mr. Jno. P. Thomas,* oral argument.

July 2, 1907.    The opinion of the Court was delivered by

MR. JUSTICE JONES. This was a proceeding in the Court of General Sessions for Richland County to estreat a recognizance in the sum of $200 to the State by the defendant, Sallie Johnson, as principal, and E. McC. Clarkson, Jr., as surety, the condition of the recognizance being for the appearance of Sallie Johnson before the Court of General Sessions, fall term, 1904, to answer for an indictment for assault and battery of a high and aggravated nature to do and receive what shall be enjoined by the Court and not

depart the Court without license.  After several contin-
uances the case was called, fall term, 1905, and Sallie John-
son failed to appear, although duly called before the Court
house door, was tried in her absence, found guilty and a
sealed sentence imposed by the presiding Judge, but the
defendant has never appeared to receive said sentence.
Upon an affidavit of the solicitor setting forth these facts in
detail, a rule was issued by the Court of General Sessions,
Judge Gage presiding, September 12, 1905, requiring E.
McC. Clarkson, Jr., to show cause on the first day of the next
term why judgment of forfeiture on said recognizance should
not be confirmed against him.  The rule to show cause and
the affidavit were served upon E. McC. Clarkson, Jr., on
January 28, 1906, by the deputy sheriff of Rowan County,
N. C., at Spencer, in said county, by reading the originals to
him and delivering copies of the same.  When the rule was
called up for hearing before Judge Prince, at the spring
term, General Sessions, 1906, E. McC. Clarkson, Jr., ap-
peared by counsel solely for the purpose of objecting to the
jurisdiction of the Court.  The objections were overruled
by Judge Prince, the rule made absolute, and judgment of
forfeiture in the sum of $200 confirmed.

Appellant excepts to the judgment for error in assuming
jurisdiction, (1) because the rule was not served by posting
same upon Court house door of the county in which appel-
lant had last resided, (2) because appellant was a non-resi-
dent at the time of the alleged service and no attachment of
his property was made within the State, and there was no
order for service by publication, (3) because the rule or
notice was not served by mail in the manner prescribed by
sections 410 and 411, Code of Civil Procedure.

The objections to the jurisdiction of the Court cannot be
sustained.  It is well settled that the Court of General
Sessions has exclusive jurisdiction of proceedings to forfeit
a recognizance for appearance to answer a charge in that
Court.  *State* v. *Wilder,* 13 S. C., 344; *State* v. *Quattle-
baum,* 67 S. C., 203, 45 S. E., 162; *State* v. *Cornell,* 70 S. C.,

409, 50 S. E., 22. The procedure to estreat is not regulated by the Code of Civil Procedure, but by the Criminal Code, secs. 85 *et seq.* Section 85 provides :

"Whenever such recognizances shall become forfeited by non-compliance with the condition thereof, the attorney general or solicitor, or other person acting for him, shall, without delay issue a notice to summon every party bound in such forfeited recognizance to be and appear at the next ensuing Court of Sessions, to show cause, if any he has, why judgment should not be confirmed against him; and if any person so bound fail to appear, or appearing, shall not give such reason for not performing the condition of such recognizance as the Court shall deem sufficient, then the judgment on such recognizance shall be confirmed."

While the statute requires the issuance of notice it does not prescribe the place, manner or proof of service as is provided when the procedure is in the civil Court. If, therefore, the notice is issued as required and it appears to the satisfaction of the Court that a copy of the same has been delivered to the party, the statute is complied with, and all the ends to be subserved by a notice are achieved. A recognizance is an obligation of record in the case, and the cognizors thereby voluntarily submit themselves to the jurisdiction of the Court as parties with respect to proceedings for estreat. The notice required is not original process to obtain jurisdiction, but is a continuation of proceedings in which the Court had already acquired jurisdiction. In this view, it is of no consequence that the notice was delivered to appellant in North Carolina. In the absence of evidence it cannot be assumed that appellant was a non-resident at the time of service. The affidavit of appellant attached to the recognizance declares that he is a resident and freeholder within this State, and there is nothing in the record to overcome the presumption that such is still the fact. Though a resident of this State, he may have been temporarily at Spencer at the time of service.

But in the view stated it would not alter the situation if appellant had in fact become a resident of North Carolina after signing the recognizance, since the proceeding to estreat is not a civil action, and is not, therefore, governed by the provisions of the Code of Civil Procedure with respect to acquiring jurisdiction of non-residents. The provisions of the act of 1792 that a *scire facias* to revive a judgment must be served upon a non-resident by posting the writ upon the Court house door of the county where the defendant last resided have been supplanted by the provisions of section 209 of the Code of Civil Procedure relating to the civil remedy to revive judgments, and can furnish no analogy to govern the criminal proceedings to estreat a recognizance under section 85 of the Criminal Code.

The exceptions are overruled, and the judgment of the Circuit Court is affirmed.