15966

STATE v. HARRELSON *ET AL.*
SAME v. HARRELSON
(43 S. E. (2d) 593)

*Mr. N. W. Edens,* of Bennettsville, for Appellants,

*Mr. Sidney S. Tison,* Solicitor, of Bennettsville, for Respondent,

July 8, 1947.

BAKER, C.J.: On February 6, 1945, Sam Harrelson was arrested on warrant issued by Magistrate M. F. Edwards, of Clio, Marlboro County, S. C., charging the defendant with the unlawful use of fishing nets. On the same date a preliminary was held and the Magistrate, finding probable cause, sent the case to the Court of General Sessions, and incarcerated the defendant in the County Jail. During the night of the same date G. W. Johnson delivered to the Magistrate a check payable to the order of the Magistrate, in the amount of Two Hundred ($200.00) Dollars, which check had written thereon "For Sam Harrelson—Bond". The Magistrate then released Harrelson from the custody of the County Jailor without requiring his execution of a recognizance or any other instrument.

At the following term of the Court of General Sessions for Marlboro County the Grand Jury returned a True Bill against Harrelson. When the case was called by the Solicitor for trial the defendant did not answer, but his counsel made a special appearance to object to the trial of the case on the grounds that the defendant was not in Court, no recognizance had been executed by him, and the Court was without jurisdiction to try him in his absence. Honorable A. L. Gaston, the presiding Judge, after hearing argument on both sides, and after hearing testimony presented by the Solicitor, sustained the position of counsel for the defendant, but on motion of the Solicitor, issued a bench warrant for Harrelson, who, after the adjournment of Court, came in and posted bond. From the ruling of Judge Gaston that no recognizance having been executed by the defendant for his appearance in General Sessions Court, the Court was without jurisdiction to try him in his absence, and the continuance of the case, the Solicitor duly filed notice of intention to appeal.

The Magistrate then undertook to cash the check given as bond for Harrelson, but not before Johnson had stopped payment thereof. On April 2, 1945, on petition of the Solicitor, Honorable E. C. Dennis, resident Judge of the Circuit, now retired, issued a rule directing Harrelson and Johnson to show cause, at Chambers, why "said recognizance or bond, should not be estreated and judgment entered against them, and each of them, for the sum of Two Hundred Dollars, the amount fixed in such recognizance as the penalty thereof".

The matter came up before Judge Dennis, at Chambers, and after hearing argument of counsel, he issued his order holding that the check must be considered good and valid as a bond for the defendant Harrelson, and judgment was rendered against Sam Harrelson and G. W. Johnson in the amount of Two Hundred Dollars each. From this order Harrelson and Johnson have appealed.

We are in accord with so much of the order of Judge Dennis as holds that the Johnson check constituted a good and sufficient bond for the appearance of Sam Harrelson in the Court of General Sessions. The fact that Harrelson did not sign a recognizance, or any other instrument, does not nullify the check since an appearance recognizance in the Courts of this State is binding on the surety, or sureties, without the signature of the principal. *State v. Quattlebaum,* 67 S. C. 203, 45 S. E. 162; *State v. Cornell,* 70 S. C. 409, 50 S. E. 22. A check posted as bond for the appearance of a defendant in the criminal courts of this State is valid as a common law bond (*State v. Quattlebaum, supra*), and good as a statutory bond even though it is not in the language of the statute (Section 1040, Vol. 1, Code of Laws of South Carolina, 1942), since the language of the statute will be read into the check or bond. *Kimbrell v. Heffner,* 163 S. C. 35, 161 S. E. 175; 80 A. L. R. 591.

Although we have stated we are in accord with the holding of Judge Dennis that the check was good and sufficient as an appearance bond, nevertheless,

he was in error in so ruling, and ordering judgment against Harrelson and Johnson in that Judge Gaston, in open court when the case was called for trial, had ruled that there was no recognizance and the Court was without jurisdiction to try the defendant in his absence. It is apparent that the order of Judge Dennis, bearing date July 25, 1945, is in conflict with the previous ruling of Judge Gaston, the presiding Judge, which order of Judge Dennis will have to be reversed since one Circuit Judge has no power to review, revise or reverse the action of another Circuit Judge. *Steele v. Charlotte C. & A. R. Co.,* 14 S. C. 324; *Warren, Wallace & Co. v. Simon,* 16 S. C. 362; *Charles v. Jacobs,* 18 S. C. 598; *State v. Price,* 35 S. C. 273, 14 S. E. 490.

Appellants, Harrelson and Johnson, further maintain that proceedings for forfeiture of recognizances cannot be heard in chambers, but must be "at the next ensuing court of sessions" following the service of the rule to show cause, Section 1041, Vol. 1, 1942 Code of Laws. The State contends that Section 37 of the 1942 Code, having been enacted after Section 1041, repeals all inconsistent provisions of the latter Section. Section 37, in part, is as follows:

"All regular and special judges shall have at chambers in any county within the circuit in which they are resident or in the circuit in which they are assigned to hold court, all powers and jurisdiction, which they have and exercise in open court in any county within said circuit, except for the determination of such matters as necessitates trial by jury.  *  *  *"

A decision of this question is not necessary for the determination of this portion of the appeal since, as already indicated, the order of Judge Dennis will have to be reversed upon another exception, and we refrain from passing directly upon the issue, other than to state that statutes of a specific nature, such as Section 1041, *supra,* are not to be considered as repealed in whole or in part by a later general statute, of the type of Section 37, *supra,* un-

less there is direct reference to the former statute or the intent of the Legislature to do so is explictly implied therein.

The State of South Carolina has appealed from the ruling or order of Judge Gaston, rendered when the case was called for trial, upon the following exception:

"Because the Trial Judge erred in not ordering the defendant, Sam Harrelson, tried in his absence; the error being that the indictment was for a misdemeanor, the defendant had had a bond given for his appearance, knew about the court and appeared, but thereafter willfully departed the court and took his chance on the claimed illegality of the bond on which he was released."

The actual ruling of Judge Gaston, and the sustaining reasons, are not set forth in the transcript of record and all that can be gleaned therefrom is that after Harrelson had been called at the courthouse door three times, his counsel made special appearance to object to the trial of the case "on the grounds that the defendant Harrelson had executed no recognizance, and the Court was without jurisdiction". After argument by the Solicitor and counsel for the defendant, and testimony taken by the Solicitor, Judge Gaston sustained "the position of counsel for the defendant Harrelson, but caused to issue a bench warrant for the defendant". It appears from the petition, prepared by the Solicitor, in the estreatment proceedings before Judge Dennis that a motion was made for the continuance of the case by his counsel on the grounds hereinbefore set out.

Judge Gaston refused to order the case to trial in the absence of the defendant and continued the same. Motions for continuance are addressed to the sound discretion of the trial Judge, and unless it is shown there was an abuse of discretion his ruling will not be disturbed. However, a decision by this Court whether or not there was an abuse of discretion (error of law) appears to be wholly immaterial since the defendant Harrelson was arrested under a bench warrant, filed a due and regular recog-

nizance for his release pending trial, and is awaiting trial, if not already tried.

The decision of Judge Gaston that the Court was without jurisdiction to try the defendant Harrelson, since he had not executed a recognizance, is erroneous for the reasons in this opinion as given in the discussion of the order of Judge Dennis, that is, a check is sufficient to constitute an appearance bond and the signature of the principal or defendant is not necessary to its validity.

It is therefore the opinion of this Court that the order or ruling of Judge Gaston be reversed insofar as it held the trial court to be without jurisdiction to try the defendant Harrelson in his absence (the defendant being charged with a misdemeanor) ; and that the order of Judge Dennis be reversed for the reasons assigned.

FISHBURNE, STUKES, TAYLOR, and OXNER, JJ., concur.