18234

Douglas GRANT, Appellant, v. Ellis C. MacDOUGALL, Director, Department of Corrections, State of South Carolina, Respondents

(137 S. E. (2d) 270)

*Messrs. J. Reese Daniel* and *J. Wesley Drawdy,* of Columbia, *for Appellant,*

388

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General;* of Columbia, *for Respondents,*

July 1, 1964.

BUSSEY, Justice.

This is an appeal *in forma pauperis* from an order entered in the Court of Common Pleas of Richland County in a *habeas corpus* proceeding, the petitioner-appellant being represented below and here by appointed counsel.

Petitioner is currently serving a twelve year sentence in the South Carolina Penitentiary as a result of having pled guilty, in the Court of General Sessions of Charleston County on December 4, 1957, to two counts of armed robbery, which alleged robberies were committed in September 1957. The petition for a writ of *habeas corpus* was based on the case of *Gideon v. Wainwright*, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. (2d) 799, 93 A. L. R. (2d) 733, petitioner having pled guilty without benefit of counsel. The trial court, on hearing, determined that, based on the above cited opinion, petitioner was entitled to have his sentence vacated. The correctness of this decision is not challenged or in issue before us, and, particularly since the record does not disclose the full circumstances attendant upon petitioner's plea of guilty, we intimate no opinion as to such ruling.

The court, however, denied an absolute discharge from detention, the pertinent portion of the order with respect thereto being as follows:

"I conclude that there was error in failing to appoint counsel at the original trial, but that it would not be double jeopardy to remand the case to the Court of General Sessions for Charleston County for retrial with counsel provided. I

further conclude that the most the Petitioner would be entitled to is a new trial properly conducted, but that if the proceedings are set aside he would revert to his status as a defendant charged with the commission of a crime and that he is not entitled to his absolute freedom. I have offered to remand the case and to set bond pending a new trial, but the Petitioner states that he does not want a new trial."

The record discloses that in the course of the hearing, after considerable colloquy between the petitioner, his counsel and the court, petitioner took the position that he did not wish and would not accept any relief short of his absolute freedom unless he was assured that he could not legally be tried again on the same indictment or charges, which assurance was not forthcoming,

The exceptions on appeal are several but counsel for petitioner summed up the one question before this Court in the following language:

"Did the trial judge err in failing to order an immediate discharge of the appellant in violation of his constitutional rights?"

It is argued that the trial court should have ordered petitioner's immediate, absolute release in that:

(1) to try him again for the same crimes would constitute double jeopardy;

(2) that a sentence following a retrial would constitute cruel and unusual punishment; and

(3) that to try petitioner again would deny him a speedy trial, all in contravention of applicable provisions of both the State and Federal Constitutions.

Even though sought in behalf of one charged and convicted of crime, *habeas corpus* is in its nature a civil rather than a criminal proceeding. 25 Am. Jur. 151, Habeas Corpus, Section 12; 39 C. J. S., Habeas Corpus, § 1, page 426.

■ The Court must make such disposition of the prisoner as law and justice require at the time of the hearing, and will hold or remand the prisoner to the proper custody, discharge him, or admit him to bail as warranted by the particular circumstances of the case. 39 C. J. S., Habeas Corpus, § 102a, page 686.

For example, if the process or commitment is insufficient or the conviction on which the commitment is based is void, but the evidence shows sufficient cause for holding the petitioner for the same or another crime, although the court may set aside the commitment, it will hold or remand the petitioner for a new trial or for further proceedings according to law. 39 C. J. S., Habeas Corpus, § 102a, page 688.

■ This being a civil proceeding, the issue before the court was whether petitioner's confinement, by virtue of his plea of guilty and resulting sentence and commitment, was valid. When the court offered to set aside the plea and sentence, fix bail and remand the prisoner to the Court of General Sessions for Charleston County for further proceedings, it thereby offered to give the petitioner everything he was entitled to, which offer, however, was rejected by the petitioner.

■ The issues raised on appeal, even if properly before us (only one of them was considered by the court below), we think are matters of defense which petitioner should properly raise if so minded, if and when remanded to the Court of General Sessions for Charleston County, and not issues for determination by *habeas corpus* proceeding. Indeed, one or more of the issues might not even arise were he remanded.

As a general rule the defense of former jeopardy or of former acquittal or conviction does not entitle the prisoner to be discharged on *habeas corpus.*

"The defense ordinarily is not ground for *habeas corpus* prior to the second trial or after judgment, where the de-

fense was not pleaded." 39 C. J. S., Habeas Corpus, § 23, page 474.

"The writ of *habeas corpus* ordinarily will not lie to review the sufficiency of a defense. Matters of defense will not generally be reviewed by *habeas corpus* in advance of trial." 39 C. J. S., Habeas Corpus, § 22, page 472.

"Where the proceedings under which the petitioner is detained are still pending undisposed of, and the ordinary established procedure is still available to him the orderly procedure by trial and appeal should not be interfered with by a writ of *habeas corpus,* there being another adequate remedy and no necessity for issuance of this high extraordinary writ. Even constitutional and jurisdictional questions will not be determined on *habeas corpus* where the trial court has jurisdiction to determine them. * * * *Habeas corpus* is not intended to perform the functions of the trial court." 39 C. J. S., Habeas Corpus, § 7, page 437.

We intimate no opinion as to any merit or lack of merit with respect to the several contentions of the petitioner should they ever arise in the proper forum. We simply conclude that there was no error on the part of the lower court in refusing to order the absolute and final release of the petitioner.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.