## 18566

The STATE, Respondent, v. Ray S. BAILEY and Luke Forrester, Appellants

(151 S. E. (2d) 87)

*Messrs. Daniel R. McLeod, Attorney General, and Edward B. Latimer, Assistant Attorney General,* of Columbia, and *B. O. Thomason, Jr., Solicitor,* of Greenville, *for Respondent,*

*Mrs. Betty McBride Sloan,* of Columbia, *for Appellant, Ray S. Bailey,*

*Messrs. Carter & Hill,* of Greenville, *for Appellant, Luke Forrester,*

October 31, 1966.

Moss, Chief Justice.

The grand jury of Greenville County, on August 25, 1933, indicted Ray Bailey for the murder of one A. B. Hunt. The case against him was called for trial at the General Sessions Court of Greenville County on January 13, 1936. Upon his arraignment he entered a plea of not guilty. Thereafter, the solicitor and Bailey's retained counsel entered into negotiations concerning a possible guilty plea. Pursuant thereto it was agreed that Bailey would withdraw his plea of not guilty and enter a plea of guilty of murder with a recommendation to the mercy of the court. A jury was impaneled and the agreement reached was carried into effect by the verdict of said jury. Bailey was sentenced to imprisonment in the State Penitentiary for the term of his whole lifetime.

Bailey, on May 4, 1964, petitioned the Court of Common Pleas for Richland County for a writ of *habeas corpus,* alleging that his detenion and restraint, under the aforesaid sentence, was unlawful and in violation of his constitutional rights. The State, by way of return, denied the allegations of the petition and alleged that Bailey was in lawful custody.

A hearing on the issues made by the *habeas corpus* petition and the return of the State was had before The Honorable John Grimball, Resident Judge of the Fifth Judicial

Circuit. Thereafter, by order dated July 29, 1964, Judge Grimball set aside the guilty plea and the sentence imposed pursuant thereto and remanded the case to the General Sessions Court of Greenville County for a new trial. He further directed that Bailey be released from custody provided he posted a bond in the amount of Ten Thousand ($10,000.00) Dollars to be approved by the Clerk of Court of Greenville County. Thereafter, on July 30, 1964, the said Ray Bailey, as principal, and Luke Forrester, as surety, executed a bond to the State of South Carolina in the amount of Ten Thousand ($10,000.00) Dollars which said bond was approved by the Clerk of the Court of General Sessions for Greenville County. The condition of this bond was:

"That if the said Ray Bailey shall personally appear before the Court of General Sessions next succeeding in the State aforesaid, to be holden at the usual place of judicature, in Greenville, said County and State, then and there to answer to a bill of indictment against the said Ray Bailey for Murder and to do and to receive what shall be enjoined by the Court, and not to depart the Court without license and in the meantime that the said Ray Bailey do keep the peace of the State, and be of good behavior towards all the citizens thereof, and especially towards one State of South Carolina then this Recognizance to be null and void, otherwise to remain in full force and virtue."

The State appealed to this Court from Judge Grimball's order and, on November 10, 1965, this Court filed its opinion reversing and setting aside Judge Grimball's order. The judgment of this Court was as follows: "The judgment of the lower Court is reversed. The writ of *habeas corpus* is discharged and the respondent is remanded to custody for the service of the sentence imposed upon him by the Court of General Sessions for Greenville County." *Bailey v. Mac-Dougall,* 247 S. C. 1, 145 S. E. (2d) 425.

Thereafter, counsel for Bailey moved before the late Honorable C. A. Taylor, Chief Justice, for a stay of the remittitur and an extension of the bond theretofore granted

and upon which Bailey was released from custody. That petition was denied by order of Chief Justice Taylor, dated December 13, 1965.

On January 14, 1966, The Honorable T. B. Greneker, Presiding Judge of the Thirteenth Judicial Circuit, issued a rule to show cause to Ray S. Bailey, his attorney, and Luke Forrester, the surety on the bond heretofore referred to, requiring that they appear at the General Sessions Court for Greenville County on Friday, January 28, 1966, at 10:00 A. M. for the purpose of remanding Bailey to the Sheriff of Greenville County, or, if failing to produce him at that place and time, to show cause why the bond should not be estreated and judgment entered against both principal and surety for the sum of Ten Thousand ($10,000.00) Dollars.

Ray Bailey did not appear in response to the aforesaid rule to show cause. Admittedly, his whereabouts were unknown. However, a return was made on behalf of Bailey by his attorney and a return was made by Luke Forrester. The return of Bailey, made through his attorney, asserts that the Court of General Sessions for Greenville County did not have jurisdiction to estreat the bond because of the reversal by this Court of the order of Judge Grimball granting a new trial in the *habeas corpus* proceeding. Forrester raised the questions (1) Whether the bond signed by him as surety was an appeal bond or an appearance bond and whether the State waived its right to require an appeal bond; (2) Was there a breach of the bond; (3) Did the General Sessions Court of Greenville County have jurisdiction to estreat the said bond; and (4) Was the surety on said bond discharged or relieved from the performance of the condition of the bond by reason of the decision of this Court reversing the order of Judge Grimball.

The hearing as to why the bond heretofore referred to should not be estreated was heard by Judge T. B. Greneker, Presiding Judge, on January 24, 1966, and, thereafter, he issued an order, dated February 16, 1966, holding that the conditions of the bond had been breached and ordered that

the bond be estreated and judgment entered in favor of the State of South Carolina against both Bailey and Forrester in the amount of Ten Thousand ($10,000.00) Dollars. Bailey and Forrester filed separate appeals from said order and such have been consolidated for hearing in this Court. The exceptions of the appellants preserved the questions above stated for consideration by this Court.

The bond or recognizance here involved was executed by the appellants pursuant to Section 17-310 of the Code, which provides that such shall be payable to the State and in this instance conditioned for Bailey to appear as a defendant before the Court of General Sessions for Greenville County to answer to a bill of indictment against him for murder and to do and to receive what shall be enjoined by the Court. This was an appearance bond as is asserted by the appellants. Bailey did not appear as required by the condition of the bond and the State of South Carolina instituted proceedings in accordance with Section 17-311 of the Code for the forfeiture of said bond or recognizance by reason of the noncompliance with the terms thereof by the said Bailey.

It is well settled that the Court of General Sessions has exclusive jurisdiction of proceedings to forfeit a recognizance for appearance to answer a charge in that Court. *State v. Wilder,* 13 S. C. 344; *State v Quattlebaum,* 67 S. C. 203, 45 S. E. 162; *State v. Cornell,* 70 S. C. 409, 50 S. E. 22, and *State v. Johnson,* 77 S. C. 252, 57 S. E. 846. The procedure to estreat a bond or recognizance is not regulated by the Code of Civil Procedure but by the Criminal Code, Section 17-311 of the Code. In the *Johnson* case it was held:

"* * * A recognizance is an obligation of record in the case, and the cognizors thereby voluntarily submit themselves to the jurisdiction of the court as parties with respect to proceedings for estreat. The notice required is not original process to obtain jurisdiction, but is a continuation of proceedings in which the Court had already acquired jurisdiction. * * *"

The case of *Grant v. MacDougall*, 244 S. C. 387, 137 S. E. (2d) 270, was a *habeas corpus* proceeding.

The petition for a writ of *habeas corpus* was upon the ground that the prisoner had entered a plea of guilty to an indictment charging him with armed robbery without the benefit of counsel. Judge Grimball, who was the trial judge, determined that the prisoner was entitled to have his sentence vacated. He held, however, the prisoner was not entitled to an absolute discharge from custody but would be entitled only to a new trial properly conducted and that if the plea of guilty be set aside, he would revert to his status as a defendant charged with commission of a crime and would not be entitled to be his absolute freedom. The trial judge also offered to remand the case and to set bond pending a new trial but the prisoner stated that he did not want a new trial. The trial judge refused to grant the prisoner an absolute release and an appeal to this Court followed, alleging error in the failure of the lower court to order an immediate discharge of the prisoner. In affirming the judgment of the lower court, we said:

"Even though sought in behalf of one charged and convicted of crime, *habeas corpus* is in its nature a civil rather than a criminal proceeding. 25 Am. Jur. 151, Habeas Corpus, Section 12; 39 C. J. S., Habeas Corpus, § 1, page 426.

"The Court must make such disposition of the prisoner as law and justice require at the time of the hearing, and will hold or remand the prisoner to the proper custody, discharge him, or admit him to bail as warranted by the particular circumstances of the case. 39 C. J. S., Habeas Corpus, § 102a, page 686.

"For example, if the process or commitment is sufficient or the conviction on which the commitment is based is void, but the evidence shows sufficient cause for holding the petitioner for the same or another crime, although the court may set aside the commitment, it will hold or remand the petitioner for a new trial or for further proceedings according to law. 39 C. J. S., Habeas Corpus, § 102a, page 688."

The issue before Judge Grimball in the *habeas corpus* proceeding instituted by Bailey was whether his confinement by virtue of his plea of guilty and the resulting sentence and commitment was valid. When Judge Grimball issued his order remanding Bailey to the General Sessions Court for Greenville County, this ended his jurisdiction, and the General Sessions Court of Greenville County thereby regained jurisdiction to require Bailey to answer a bill of indictment charging him with murder and to do and to receive what shall be enjoined by the court with reference thereto. The Court of General Sessions for Greenville County was the only court and county in which Bailey could be tried for murder becase it was alleged in the indictment that the offense was committed in said county; *State v. Gasque,* 241 S. C. 316, 128 S. E. (2d) 154; and since he had been granted a new trial, it was proper for the Court of General Sessions for Greenville County to proceed upon the original indictment. *State v. Stephens,* 13 S. C. 285; *State v. Wyse,* 33 S. C. 582, 12 S. E. 556, and *State v. Squires,* S. C., 149 S. E. (2d) 601.

It is the position of the appellants that when this Court reversed the order of Judge Grimball wherein the guilty plea and sentence of Bailey were set aside, that the General Sessions Court for Greenville County had no further jurisdiction and the appellants were relieved from a forfeiture on the bond because the action of the Supreme Court left no case, action or charge to which Bailey could appear to answer and upon which he could be sentenced.

At the time of the hearing before Judge Grimball he had the authority to grant Bailey a new trial and to remand him to the proper custody for such purpose and to admit him to bail if the circumstances warranted such. *Grant v. MacDougall,* 244 S. C. 387, 137 S. E. (2d) 270. An appeal by the State in the *habeas corpus* case did not operate as a supersedeas. The appeal by the State from an order granting a prisoner a new trial and a conditional release on bond is ineffective as a stay and it was the duty

of the Court of General Sessions for Greenville County to abide by the order of Judge Grimball until the appeal to the Supreme Court could be determined. Our reversal of the aforesaid order did not have the effect of making void that which was lawfully done by him at the time of the *habeas corpus* hearing. When this Court reversed the order of Judge Grimball in the *habeas corpus* case, the Court of General Sessions for Greenville County still had jurisdiction for the purpose of carrying out the mandate of this Court and such gave the said Court the authority to require Bailey to surrender himself to the custody of the Sheriff of Greenville County for the service of the sentence heretofore imposed upon him by the Court. The indictment against Bailey, with the sentence endorsed thereon, was the judgment of the General Sessions Court to· which he was required to answer and surrender for the purpose of being committed to the proper penal institution for the service of said sentence. The sentence imposed pursuant to the indictment against Bailey for murder was still active and pending and it cannot be successfully contended that there is no case, action or charge to which Bailey could appear to answer. Bailey having failed to personally appear in the Court of General Sessions for Greenville County for the purpose aforesaid, such was a breach of the bond or recognizance which had been executed by the appellants and subjected such to forfeiture by reason of the noncompliance with the condition thereof by Bailey.

We have held that the right of the State to estreatment of an appearance recognizance arises from contract and is, therefore, subject to the doctrine of estoppel. *State v. Simring,* 230 S. C. 49, 94 S. E. (2d) 9. Here, Bailey was successful in procuring an order from Judge Grimball granting him a new trial and admitting him to bail. He accepted the benefits of this order by executing a bond or recognizance, with surety, and was released from custody. Bailey is now estopped to deny the ·validity or propriety of such order and cannot now be heard to impeach it. We point out that Bailey, after our decision, through his counsel, moved before this Court for a stay of the remittitur

for a period of ninety days and for an extension of the appearance bond heretofore executed by him and his surety.

It is a rule of general application that, where a bond has accomplished the purpose for which it was given, or the principal has derived benefit from it, both the principal and surety are estopped to deny liability on the bond. This rule has been applied to a bail bond. *People v. Russell,* 35 Misc. 765, 72 N. Y. S. 1.

The order appealed from is affirmed.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting J., concur.