18592

Bisand BLANDSHAW, Appellant, v. STATE of South Carolina et al., Respondents

(152 S. E. (2d) 349)

See also 245 S. C. 385, 140 S. E. (2d) 784.

*Kermit S. King, Esq.,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer* and *Carl R. Reasonover, Assistant Attorneys General,* of Columbia, *for respondents,*

January 9, 1967.

BRAILSFORD, Justice.

This is an appeal from an order of the circuit court dismissing a writ of *habeas corpus* and remanding the prisoner, Bisand Blandshaw, to custody of the South Carolina Penetentiary, where he is presently serving a sentence of twelve years. This sentence was imposed upon Blandshaw in Darlington County in 1963 upon his trial on an indictment for murder and his conviction of manslaughter.

After a full hearing, the circuit court found no merit in any of the grounds for *habeas corpus* relied upon in the petition, which were (1) that petitioner was denied a preliminary hearing; (2) that petitioner was tried and sentenced under the wrong name; (3) that the solicitor's conduct of the trial was deliberately prejudicial toward the defendant; (4) that the court failed to allow the petitioner's witnesses

to testify; (5) that petitioner was not adequately represented by counsel.

We agree with the circuit court that the record does not sustain any of the charges leveled by petitioner at the court, the solicitor or his retained trial counsel. We find it unnecessary to state our reasons for these conclusions because the petitioner stated in the circuit court, and asserts here, that he does not seek a new trial and prefers to serve his present sentence than to be awarded this relief. Even if all of the allegations of the petition should be assumed to be true, petitioner would not be entitled to an absolute release.* In this event, the relief to which he would be entitled is that which he disclaims, an order setting aside his conviction and sentence and remanding him to the Court of General Sessions for Darlington County for further proceedings. Equally, it is unnecessary for us to consider the exceptions charging error in the conduct of the *habeas corpus* hearing and in the failure of the court to furnish Blandshaw with a transcript of the trial for use at the hearing.

Affirmed.

LEWIS and BUSSEY, JJ., and LIONEL K. LEGGE and G. BADGER BAKER, Acting JJ., concur.

---

* See *Grant v. MacDougall*, 244 S. C. 387, 137 S. E. (2d) 270, which settles the point.