18746

Norman J. YOUNG, Appellant, v. STATE of South Carolina *et al.*, Respondents

(158 S. E. (2d) 764)

*Vernon R. Scott, Esq.,* of Charleston, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, *for Respondents,*

January 9, 1968.

Bussey, Justice.

This is a *habeas corpus* proceeding. The petitioner-appellant Young is serving a fifteen year sentence for manslaugh-

ter imposed following his plea of guilty at the June, 1962, term of the Court of General Sessions for Chester County, at which time he was represented by retained counsel.

In the instant proceeding, he is represented by court appointed counsel, the appeal being from orders of the Judge of the Ninth Judicial Circuit and the Judge of the Sixth Judicial Circuit, denying him relief, following hearings, in *habeas corpus* proceedings. Although appellant states the questions involved on appeal as three, the answer to only one question is necessary to a decision, and only a very brief statement of the facts is necessary to resolve this question.

The appellant was charged with having murdered his half brother by shooting him with a rifle. Other than appellant, the only surviving eyewitness to the occurrence was one Hicks, who was the nephew of both appellant and decedent. Hicks gave investigating officers a sworn statement which, if true in all particulars, would have warranted the conviction of the appellant for murder, rather than manslaughter. In the course of the trial, the solicitor ascertained that Hicks had changed his story in certain material particulars, as a result of which the solicitor agreed to accept a plea of manslaughter. Hicks was afterward prosecuted and sentenced for falsely swearing to the statement initially given by him.

While Hicks did not appear before the grand jury, the record indicates that his sworn statement was to some extent used by the sheriff who did appear, and it is the contention of the appellant that, as a result thereof, the indictment was tainted with perjury; was therefore void, and that such entitles him to an absolute and unconditional release. Assuming, without deciding, that as contended by appellant, the indictment was void for the reasons urged, such would not entitle him to an absolute release. The record here clearly shows that, other than his absolute, unconditional release, he neither seeks nor desires any re-

lief, even if entitled thereto. The holding and the principles stated in the fairly recent case of *Grant v. MacDougall,* 244 S. C. 387, 137 S. E. (2d) 270, are completely dispositive of appellant's contention that he is entitled to his absolute release. Since the only relief he seeks is that to which he is not entitled, it is not incumbent upon this court to pass upon what relief, if any, he might, perchance, be entitled to.

The appeal is without merit, and the orders of the circuit courts appealed from are hereby

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.