18925

Roy Douglas GILSTRAP, Appellant, v. The STATE of South Carolina et al., Respondents.

(168 S. E. (2d) 88)

*Messrs. Julius B. Aiken* and *W. Richard James,* of Greenville, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General* and *Emmet H. Clair, Assistant Attorney General,* of Columbia, and *B. O. Thomason, Jr.,* Solicitor, of Greenville, *for Respondents,*

May 28, 1969.

Moss, Chief Justice.

This is an appeal, *in forma pauperis,* from an order of the circuit court dismissing a writ of *habeas corpus* and remanding the prisoner, Roy Douglas Gilstrap, the appellant herein, to the custody of the South Carolina Department of Corrections, where he is presently serving a life sentence for murder, which was imposed upon him in Greenville County, on September 9, 1960.

The Grand Jury, at the 1960 September Term of the Court of General Sessions for Greenville County, returned an indictment charging that the appellant did kill and murder, on May 7, 1960, one Clyde David Driver. This case was called for trial on September 8, 1960, the appellant being represented by retained counsel, and the State completed its case, in chief, during the first day of trial, after which the

appellant called one witness in his behalf. The court was then recessed for the day. When court convened the next morning, the plea of not guilty was withdrawn and a plea of guilty to murder with recommendation to the mercy of the court was tendered and agreed to by the State. Thereupon, the trial judge instructed the jury to return a verdict finding the appellant guilty of murder with a recommendation to the mercy of the court. This verdict was signed by the foreman and duly published. The presiding judge sentenced the appellant to life imprisonment. There was no appeal from this verdict and sentence.

Thereafter, on May 9, 1967, the appellant filed a petition for a writ of *habeas corpus,* alleging that his detention and restraint under the aforesaid sentence was unlawful and in violation of his constitutional rights guaranteed under the State and Federal Constitutions. The appellant relied upon seven grounds and asserted all were in violation of his constitutional rights, entitling him to an absolute release from custody.

In this *habeas corpus* proceeding the appellant was represented by court appointed counsel. He was accorded a full hearing and the testimony of the appellant and that of his former retained counsel was taken. During the course of the hearing before the circuit court, counsel for the appellant sought to amend the *habeas corpus* petition to ask for a new trial, in the alternative, based on the same grounds as were alleged originally. The trial judge stated that before allowing the amendment he wanted to be certain that the appellant understood the nature thereof. The hearing was temporaily recessed so that counsel could confer with the appellant with reference to the amendment. It appears that after counsel had had the opportunity to confer with his client, the hearing was reconvened. The appellant was examined as to what had taken place during the conference. We quote the following from the appellant's testimony:

"Q. The question I'm putting to you, do you desire or not for us to move in the alternative for a new trial?

"The answer to that question is either yes or no. We either do move for a new trial in the alternative, or we don't, and we rest on the writ as it is.

"A. See, I didn't throw it on a new trial.

"Q. You are not moving for a new trial, and you don't want to move for a new trial, is that correct?

"A. That's right."

The trial judge, on March 28, 1968, issued his order in which he stated that after reviewing the testimony and considering the applicable law the appellant was entitled to no relief. It is from this order that the appellant prosecutes this appeal.

It is unnecessary for us to consider the two exceptions posed by the appellant for the reason that if all of the allegations of the petition should be assumed to be true, the appellant would not be entitled to an absolute release but at the most would be entitled only to a new trial. The record here clearly shows that, other than his absolute release, the appellant neither seeks nor desires a new trial, even if entitled thereto.

In the case of *Young v. State,* 250 S. C. 476, 158 S. E. (2d) 764, we said:

"The holding and the principles stated in the fairly recent case of *Grant v. MacDougall,* 244 S. C. 387, 137 S. E. (2d) 270, are completely dispositive of appellant's contention that he is entitled to his absolute release. Since the only relief he seeks is that to which he is not entitled, it is not incumbent upon this court to pass upon what relief, if any, he might, perchance, be entitled to."

Attention is also directed to the cases of *State v. Squires,* 248 S. C. 239, 149 S. E. (2d) 601, and *Blandshaw v. State,* 249 S. C. 42, 152 S. E. (2d) 349.

We conclude that there was no error on the part of the trial judge in refusing to order the absolute release of the appellant.

The judgment below is,

Affirmed.

LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.

BUSSEY, J., disqualified.