1661

ANDERSON COUNTY, a body politic, Respondent v. INDIANA LUM-
BERMENS MUTUAL INSURANCE COMPANY, Appellant.

(404 S.E. (2d) 718)

Court of Appeals

*William H. Ehlies,* Greenville, *for appellant.*

*J. David Standeffer,* Anderson, *for respondent.*

Heard April 15, 1991; Decided May 13, 1991.

Rehearing Denied May 30, 1991.

CURETON, Judge:

In this civil action, Anderson County seeks to enforce three judgments rendered against CCC Bonding Company. The judgments arose from bonds estreated in general sessions court. Anderson County seeks to enforce the judgments against Indiana Lumbermens Mutual Insurance Company (Lumbermens). Lumbermens contends the judgments are not enforceable against it because Anderson County did not give notice to Lumbermens as required under *S.C. Code Ann.* Section 17-15-170 (1976). The trial court held the statute did not require notice to Lumbermens. Lumbermens also contends the circuit court did not have subject matter jurisdiction to enforce the estreatment orders. We affirm in part, reverse in part, and remand for entry of judgment in favor of Lumbermens.

Lumbermens granted to Robert Hunter of CCC Bonding Company a power of attorney to execute and deliver bail bonds on its behalf as surety. Three criminal defendants were released upon appearance recognizances with surety. Robert Hunter executed an appearance recognizance for each defendant designating CCC Bonding Company as surety. A separate document from Lumbermens entitled "Power of Attorney" was also executed for each defendant. Robert Hunter signed the "Power of Attorney" as executing agent. The document stated the agent was appointed by Lumbermens as its attorney-in-fact to execute and deliver a bail bond for Lumbermens as surety.[1]

---

[1] The appearance recognizances and Powers of Attorney were filed with the clerk of court.

None of the three criminal defendants appeared for trial. A rule to show cause was issued in the general sessions court against each defendant and CCC Bonding Company stating the recognizance had become forfeited by noncompliance and requiring appearance to show cause why the conditional judgment should not be finalized and made absolute. An order was issued in each case finalizing the judgment on the bond against the named criminal defendant and CCC Bonding Company as the surety. Lumbermens was not served with a rule to show cause in any of the proceedings. Lumbermens was not named as a party to any of the judgments. Approximately two years later Anderson County initiated civil actions against Lumbermens to enforce the judgments.

Lumbermens contended the court of common pleas did not have subject matter jurisdiction to hear the case as the jurisdiction over bail bond proceedings was exclusively in the court of general sessions. The circuit court held it had subject matter jurisdiction. We agree. The court of general sessions has exclusive jurisdiction over proceedings to forfeit a recognizance for failure to appear. *State v. Bailey*, 248 S.C. 438, 151 S.E. (2d) 87 (1966). However, this action is one to enforce a judgment and not to estreat a bond. The court of common pleas has subject matter jurisdiction to determine whether the judgments may be enforced against Lumbermens. See *Brock v. Kirkpatrick*, 60 S.C. 322, 38 S.E. 779 (1901) (an action to enforce judgment against a res is maintainable in court of common pleas).

Proceedings to estreat bonds are governed by statute. *S.C. Code Ann.* Section 17-15-170 (1976) requires the issuance of a notice to appear to "every party bound in such forfeited recognizance." The bond documents in these cases indicate Lumbermens was a surety and, as such, was a party bound under the terms of the statute.[2] Notice was only given to CCC Bonding Company. Since notice was not given to Lumbermens, it is not bound by the judgments entered in

---

[2] The manner in which the documents are filled in is confusing. Anderson County alleges in the complaint that Robert Hunter, d/b/a CCC Bonding Company, was himself insured by a bond issued by Lumbermens "said bond indemnifying him against any claims under fifteen thousand ($15,000.00) dollars." However, neither Anderson County nor Lumbermens contend that legally Lumbermens is not a surety on the bonds.

the estreatment proceedings. *Whaley v. Houser,* 18 S.C. 602 (1882) (one not a party to the cause is not bound by the judgment). Notice to CCC Bonding Company did not constitute notice to Lumbermens since the power of attorney document did not give CCC Bonding Company the authority to accept notice of the estreatment proceeding for Lumbermens. The power of attorney document only gave the executing agent power to "execute, seal and deliver" the bail bonds. See *Martin v. United States,* 249 F. Supp. 204 (D.S.C. 1966) (special power of attorney is strictly construed to carry out, instead of defeating the purpose of appointment, but so as to sanction only such acts as are clearly within its terms).

The decision of the circuit court is affirmed as to jurisdiction of the circuit court, reversed as to the enforceability of the judgments against Lumbermens, and remanded for entry of judgment in favor of Lumbermens.

Affirmed in part, reversed in part, and remanded.

BELL and GOOLSBY, JJ., concur.